Reese, J.
delivered the opinion of the court.
The question chiefly discussed in this case is, whether the Chancellor erred in holding that the mortgage in favor of the complainant constituted no lien, and conferred no priority, because the clerk in his certificate of probate omitted to state, that he was personally acquainted with the bargainor acknowledging the same. The Chancellor’s opinion was in conformity with what is decided in the case of Peyton vs. Peacock, 1st Hump., upon the very point.
But it is said, that it appears from the clerk’s certificate of probate, upon the defendant’s deed of trust, made on the same day, that he was personally acquainted with the bargainor; and it is contended that a Court of Chancery may look to that for the purpose of supplying the omission. But our registration system is one of positive law, founded on general grounds of public policy, and exacts from a Court of Chancery obedience as implicit as from a court of common law, and must be expounded and enforced in both alike. Defective probates can" not be aided in either by the production of probates upon other instruments, or other proof. The act of 1840, passed since the decree of the Chancellor, cannot, upon obvious grounds of justice, have any effect to change the rights of the parties to this controversy. This is determined in the case of Catron vs. *86 Gaines, 1st Hump., and rests upon a broader principle than is contained in that case. As to the facts of this case relating to partnership and fraud, we were not satisfied at the last term, and are not’satisfied now. The distinct and positive proof referable to the time and terms of the contract rejects the supposition of a partnership in the purchase of the mules. If there were a secret contract of partnership between Roddy and Stockton, the evidence from which it is sought to be inferred is not satisfactory, and is not inconsistent with the language and conduct which the manager of the drove, although no partner, might have adopted. The facts, as we have said, upon the whole record are very unsatisfactory. The laboring oar was in the hand of the complainant, and not having satisfied us that he is entitled to relief, we must decree against him, the rather that in doing so, we affirm the decree of the Chancellor.